IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALBERT ALLEN,

        Petitioner,

v().                                                                                  Case No. 1:05-cv-59
                                                                                  (Chief Judge Keeley)

KEVIN WENDT, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

On April 4, 2005, the Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On May 10, 2005, the Respondent was directed to answer the petition. After the granting of several motions to extend time, an answer was filed on July 25, 2005. The Petitioner filed a traverse to the answer on August 12, 2005. Also pending before the Court is the Petitioner's Request for Entry of Default Pursuant to Fed.R.Civ.P. 55 filed on July 20, 2005.

This matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

### I. Conviction and Sentence

As set forth in the Petition, the Petitioner was found guilty in the District of Columbia Superior Court of second-degree murder while armed and possession of a firearm during a crime of violence. Petitioner was sentenced to a term of 15 years to life on the murder charge, followed by a consecutive 5 to 15 year term on the possession charge. Petitioners' conviction and sentence were affirmed on appeal on October 27, 1994 and a motion for new trial was also denied.

Sometime in October of 2003, Petitioner filed a motion to vacate his sentence pursuant to D.C. Code § 23-110. Although the government argued in its opposition to the motion that

Petitioner was procedurally barred from raising his § 23-110 claims, the trial court nonetheless, addressed the merits of Petitioner's claims and denied the motion. That decision was affirmed on appeal.

## II. Claims of Petition

Petitioner now brings this case pursuant to § 2254 raising the following grounds for relief:

(1) the merits of his claims were not adequately addressed and certain relevant points were not addressed at all;

(2) the fact finding procedure was not employed by the D.C. Superior Court trial judge on collateral 23-110 review and the Petitioner should have been granted an evidentiary hearing; and

(3) the trial court and the appeals court denied due process of law and made determinations that were erroneous and apart from what's reflected in the record.

## III. The Respondent's Answer

In response to the Petition, the Respondent asserts that the Petition should be summarily denied. In doing so, the Respondent argues that although Petitioner is considered a "state" prisoner for purposes of federal habeas law, he is prohibited by D.C. Code § 23-110 from using § 2254 as a vehicle to challenge the validity of his D.C. conviction and sentence without a showing that the remedy under § 23-110 was inadequate or ineffective. The Respondent further argues that Petitioner has failed to demonstrate that the remedy under § 23-110 was inadequate or ineffective. Instead, he is simply attempting to relitigate issues that were unsuccessfully presented to the District of Columbia Courts. Alternately, the Respondent argues that should this Court find that Petitioner's claims are appropriately raised pursuant to § 2254, Petitioner's

claims are also time-barred, procedurally defaulted, and without merit.

## IV. Analysis

It is undisputed that for purposes of federal habeas law, convictions in the District of Columbia Superior Court for offenses under the D.C. Criminal Code, are considered "state" convictions. Garris v. Lindsay, 794 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (citing, inter alia, Swain v. Pressley, 430 U.S. 372 (1977)). However, D.C. Code § 23-110 clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110(g).

In Swain v. Pressley, the United States Supreme Court found that D.C. prisoners, unlike other state prisoners, could not utilize § 2254 to challenge the validity of a conviction and sentence without first showing that § 23-110 was inadequate or ineffective. Swain, supra (finding that § 23-110 divests federal courts of jurisdiction over such claims without a showing that the remedy under §23-110 is inadequate or ineffective). Moreover, to gain recourse in a federal judicial forum, a D.C. prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23-110 as a basis for federal habeas relief. See Garris v. Lindsay, 794 F.2d at 726; Swain v. Pressley, 430 U.S. 377-378. In other words, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).[1]

To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must

---

[1] Compare to other state prisoners who can obtain federal habeas review simply by properly exhausting their state court remedies and timely filing a habeas petition. Garris v. Lindsay, 794 F.2d at 726.

show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . ." Garris v. Lindsay, 794 F.2d at 727.

Here, Petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective. Instead, Petitioner merely asks this Court to examine issues previously denied by the District of Columbia Courts upon § 23-110 review. Petitioner does not allege that he was denied any opportunity for judicial rectification, only that he disagrees with the District of Columbia's disposition of his case. Such an argument is insufficient to show that his proceedings under § 23-110 were inadequate or ineffective. Moreover, none of Petitioner's claims in the instant case rise to the level of a fundamental defect showing that Petitioner was convicted of a nonexistent offense. Thus, the federal Courts are without jurisdiction to hear Petitioner's claims under § 2254.[2]

## V. **Petitioner's Motion**

On July 20, 2005, Petitioner filed a Request for Entry of Default Pursuant to Fed.R.Civ.P. 55. In the motion, Petitioner asserts that he is entitled to a default judgment due to the Respondents failure to file a timely response to the Petition. However, a review of the file shows that the Respondent was granted several extensions of time to file his answer to the Petition and did so on July 25, 2005. Any delay in the filing of the answer was not prejudicial to the

---

[2] See Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 2005) (D.D.C. Nov. 14) (also concluding that D.C. Code § 23-110(g) divests the district courts of jurisdiction over a § 2254 petition filed by a person under a sentence of the D.C. Superior Court where the Petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective to test the legality of the detention).

Petitioner.

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the Petitioner's Request for Entry of Default (Doc. 7) be DENIED and the § 2254 petition be denied and DISMISSED WITH PREJUDICE.[3]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[4]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner.

Dated: December 20, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] I have not addressed the additional arguments raised by the respondent or the merits of Petitioner's claims, as I find that this Court does not have jurisdiction to do so.

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).