IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Albert Allen,**

    **Petitioner,**

v.                              CIVIL ACTION NO. 1:05CV59
                                  (Judge Keeley)

**KEVIN WENDT, Warden,**

    **Respondent.**

## ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING AND DISMISSING WITH PREJUDICE PETITIONER'S 28 U.S.C. § 2254 PETITION, AND DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT

On April 4, 2005, *pro se* petitioner Albert Allen ("Allen") filed a three (3) count petition pursuant to 28 U.S.C. § 2254 in the Northern District of West Virginia. On May 10, 2005, United States Magistrate Judge John S. Kaull ordered the respondent, Kevin Wendt ("Wendt"), Warden of the Federal Correction Institute at Gilmer, to answer the petition. Prior to Wendt's response, Allen filed a motion for entry of default judgment on July 20, 2005. Wendt, however, had been granted enlargements of time to file his answer, and timely responded to Allen's petition on July 25, 2005. Allen then filed a "traverse" to Wendt's response on August 12, 2005. On December 20, 2005, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") in which he recommended that Allen's petition be denied and dismissed with

prejudice and his motion for entry of default be likewise denied. Allen subsequently filed objections to the R&R on December 28, 2006. For the reasons that follow, the Court **AFFIRMS** the Magistrate's R&R, **DENIES** Allen's 28 U.S.C. § 2254 petition and **DISMISSES** it **WITH PREJUDICE**, and **DENIES** Allen's motion for entry of default, or in the alternative, summary judgment.

## I. Background

The facts relevant to the procedural history of this case are found in Allen's § 2254 petition. In the spring of 1992, Allen was convicted in the District of Columbia ("D.C.") Superior Court for second-degree murder while armed and in possession of a firearm during a crime of violence. Allen received a sentence of fifteen (15) years to life for the second-degree murder charge and a consecutive sentence of five (5) to (15) years for the firearm possession charge. He subsequently appealed his convictions to the D.C. Circuit Court of Appeals, which, on October 27, 1994, affirmed Allen's convictions.

Sometime in October, 2003, Allen moved the trial court to correct, set aside, or vacate his sentence pursuant to D.C. Code § 23-110, which the trial court denied. On March 1, 2004, Allen appealed that decision, and, after review, the D.C. Circuit Court of Appeals affirmed the trial court.

## II. Analysis

### a. Report and Recommendation and Objections:

In his R&R, Magistrate Judge Kaull summarized the grounds for Allen's § 2254 petition as follows:

(1) the merits of his claims were not adequately addressed and certain relevant points were not addressed at all;
(2) the fact-finding procedure was not employed by the D.C. Superior Court trial judge on collateral 23-110 review and the Petitioner should have been granted an evidentiary hearing; and
(3) both the trial court and appeals court denied due process of law and made determinations that were erroneous and outside the record in the case.

Magistrate Judge Kaull recommended dismissal on jurisdictional grounds without reaching the merits of Allen's petition, finding that D.C. Code § 23-110's jurisdictional bar to federal habeas corpus applies to Allen, and that Allen had failed to demonstrate the inadequacy or ineffectiveness of the remedial process available under § 23-110 in his case.

Allen has objected to this recommendation and contends that the remedial process available to him under § 23-110 of the D.C. Code was inadequate and ineffective. Thus, he argues, habeas corpus review pursuant to § 2254 should now be available to him. Allen supports his objections by reasserting the grounds for his § 2254 petition and by arguing that dismissal is improper without

## ORDER AFFIRMING R&R

the Court's determination of whether the District of Columbia correctly applied its own law.

**b. Discussion:**

D.C. Code § 23-110 ("§ 23-110") provides a vehicle for prisoners in custody under sentence of the D.C. Superior Court to collaterally attack convictions alleged to be constitutionally infirm or jurisdictionally improper by motion to the court of conviction.[1] Moreover, subsection (g) of § 23-110 requires that:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Further, in <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977), the United States Supreme Court held the prohibition on federal habeas corpus review found in § 23-110(g) to be constitutional because "the substitution of a collateral remedy which is neither

---

[1] D.C. Code § 23-110(a) provides:
A prisoner in custody under sentence of the Superior Court claiming the right to be released on the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Thus, while prisoners sentenced by state courts may seek federal habeas corpus review after exhausting their state remedies, Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986), the collateral review available under § 23-110 completely divests "the federal courts of jurisdiction to hear habeas corpus petitions by prisoners" who have a §23-110 remedy available to them, unless that remedy is found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Section 23-110's procedure for the collateral review of convictions is comparable to those procedures outlined for federal habeas corpus review. Swain 430 U.S. at 375. Accordingly, to determine whether a remedy under § 23-110 is inadequate or ineffective, a court may look to "judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions." Garris, 794 F.2d at 726. Thus, as with remedies available under federal habeas corpus review, a remedy under the District of Columbia's collateral review analogue "can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any*

opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002)(quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)(emphasis in original).

In this case, Allen's offenses of conviction are not nonexistent, and his exclusive opportunity to collaterally challenge his underlying convictions came when he filed a motion under § 23-110 of the D.C. Code. He was convicted of offenses prohibited by the D.C. Code,[2] after which he then sought judicial rectification by challenging the validity of those convictions pursuant to § 23-110. After his motion for relief was denied by the D.C. Superior Court, he appealed to the D.C. Circuit Court of Appeals on grounds that he had been denied the effective assistance of counsel, that the trial court had committed plain error when proceedings occurred in his absence, that the D.C. Circuit Court of Appeals had denied the case on erroneous grounds in his direct appeal, and that his attorney on direct appeal had been subject to a conflict of interest. The D.C. Circuit Court

---

[2] second-degree murder while armed in violation of D.C. Code §§ 22-2103 (formerly codified as § 22-2403) and 22-4502 (formerly codified as § 22-3202), and possession of a firearm during a crime of violence in violation of D.C. Code § 22-4504 (formerly codified as § 22-3204)

of Appeals reviewed Allen's petition pursuant to the authority outlined in § 23-110(f),[3] and affirmed the Superior Court's rulings.

Allen has already received the benefit of collateral review by courts with the constitutional authority to grant the relief he seeks. Dissatisfaction with the results of such a review does not make the remedial process inadequate or ineffective. Pursuant to the prohibition of D.C. Code § 23-110(g), this Court is precluded on jurisdictional grounds from entertaining Jones § 2254 petition.

### III. Jones's Motion for Entry of Default, or in the Alternative, for Summary Judgment

On July 20, 2005, Allen filed a motion for entry of default judgment (Doc. No. 7), in which he seeks an entry of default due to Wendt's failure to timely respond to his petition. A review of the docket, however, indicates that Wendt had received enlargements of time to file by Court Orders dated June 9, 2005 (Doc. No. 5), and August 1, 2005. (Doc. No. 12), and that his response was timely filed on July 25, 2005. The Court finds no prejudice to Allen in the enlargements of time granted to Wendt.

---

[3] D.C. Code § 23-110(f) states:
An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

**Allen v. Wendt**                                          1:05CV59

## ORDER AFFIRMING R&R

### IV. Conclusion

For the reasons outlined above, the Court **AFFIRMS** the Magistrate's Report and Recommendation (Doc. No. 16), **DENIES** and **DISMISSES WITH PREJUDICE** Allen's 28 U.S.C. § 2254 petition (Doc. No. 1), and **DENIES** Allen's motion for entry of default judgment. (Doc. No. 7.)

The Clerk is directed to file this Order electronically and mail a copy of this Order to the pro se petitioner and all appropriate agencies.

DATED: January 24, 2006

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE